Dutton v. Vermont Mutual Fire Insurance Company.

ALVIN DUTTON v. THE VERMONT MUTUAL FIRE INSURANCE COMPANY.

The seventh section of the Act of the legislature incorporating the Vermont Mutual Fire Insurance Company, by which a time is limited for commencing actions against the Company for losses by fire, applies to a case, where the directors, after examining a claim for loss, wholly disallow the claim; and the operation of this section, in this respect, is not affected by the statute of Nov. 18, 1839, which specifies the time for payment for such losses.

Therefore, where a member of the Company, residing in Windsor County, suffered a loss by fire, and duly notified the company thereof, and the directors, after making an examination of his claim, wholly disallowed the same, and notified him of their determination in January, and more than sixty days before the next term of the county court in either Washington or Windsor County, and he neglected to commence his action against the company for his loss at the next term of either of said courts, it was held that his right of action was barred by the seventh section of the act of incorporation, notwithstanding he was not, by the act of Nov. 18, 1839, entitled to demand payment of said claim until a time subsequent to each of said terms.

In the construction of a statute regard must be had to the intention of the makers of it; and this intention, many times, is to be ascertained from the occasion or necessity of making the statute.

ASSUMPSIT upon a policy of insurance, dated April 1, 1840, by which the defendants insured the plaintiff against loss by fire, to the amount of eleven hundred dollars, upon certain property specified; and the plaintiff alleged that a portion of the property insured had been destroyed by fire. The writ bore date March 31, 1842.

---

47

The defendants pleaded in bar, setting forth the seventh section of their act of incorporation,* and averring that the damage by fire to the plaintiff, mentioned in his declaration, happened on the third day of August, 1840, at Hartland, in the county of Windsor, and that on the sixth day of August, 1840, the plaintiff duly notified the defendants of his loss, and claimed that they should settle and adjust the same, and pay him the amount thereof, according to the provisions of the policy, and that such farther proceedings were had, that afterwards, on the sixth day of January, 1841, the defendants, by their directors, rejected and disallowed the plaintiff's claim, and refused to pay him any thing on account thereof, and that the plaintiff had notice of said disallowance on the ninth day of January, 1841, at Hartland, where he resided, which was more than sixty days before the then next term of the Washington county court, which was holden in April 1841, and more than sixty days before the then next term of the Windsor county court, holden in May, 1841, to one of which said terms of said courts, this action should have been

---

*By which it is enacted, " That, in case of any loss or damage by fire happening to any member, upon property insured in and with said Company, the said member shall give notice thereof, in writing, to the directors, or some one of them, or to the secretary of said company, within thirty days from the time such loss, or damage, may have happened, and the directors, upon a view of the same, or in such other way as they may deem proper, shall ascertain and determine the amount of said loss, or damage; and if the party suffering is not satisfied with the determination of the directors, the question may be submitted to referees, or the said party may bring an action against said company for loss, or damage, at the next court to be holden in and for the county of Washington, or in the county in which said party may reside, or in which said loss, or damage, by fire may have happened, and not afterwards, unless said court shall be holden within sixty days after said determination; but if holden within that time, then at the next court holden in said county thereafter; and if, upon trial of said action a greater sum shall be recovered, than the amount determined upon by the directors, the party suffering shall have judgment therefor against said Company, with interest thereon from the time said loss, or damage, happened, and costs of siut; but if no more shall be recovered than the amount aforesaid, the said party shall become nonsuit, and the said Company shall recover their costs. *Provided*, however, that the judgment last mentioned shall in no wise affect the claims of said suffering party to the amount of the loss, or damage, as determined by the directors aforesaid."

brought, according to the provisions of the said seventh section of the act of incorporation. To this plea the plaintiff demurred.

The county court rendered judgment that the plea was sufficient; to which decision the plaintiff excepted.

*Tracy & Converse* for plaintiff.

I. Was the plaintiff bound to commence his suit either at the April Term of Washington County Court, or the May Term of Windsor county court, 1841, considered with reference merely to the provisions of the original act of incorporation? This question is to be determined by a construction of the seventh section of said act.

1. This section should receive a strict construction. It is in the nature of a penal law. It is in derogation of the right of suitors in general. It is not to be regarded as a statute of limitations, in the common and ordinary acceptation of the term.

2. But give to the section the most liberal construction, that any rule of interpretation will admit, and it does not embrace this case, as we insist. "If the party suffering is not satisfied with the determination of the directors," &c. What determination is here meant? Most obviously it is the determination referred to in the next preceding sentence;—"And the directors, upon a view of the same, or in such other way as they may deem proper, shall *ascertain* and *determine* the *amount* of said *loss or damage*," &c. These two sentences must be construed together, and the "determination" must be a "*determination* of the amount of the loss or damage," and not a "*determination*" rejecting altogether all claim for loss or damage. The two are decidedly different things. In order to render it obligatory upon the claimant to commence his suit at the "next term of the Court," &c., the directors must first "ascertain *and determine the amount of loss or damage*," and the suffering party must be dissatisfied with such ascertainment and determination of the "amount of the loss or damage." But in this case the directors refused to ascertain and *determine* the *amount of the loss*. They did not even determine that there was *no* "*loss*." They simply rejected and disallowed the claim for the *loss*, and refused either to ascertain the amount of the loss, or pay any thing therefor, or do any thing whatever in relation to it. Such being the fact, we insist

---

---

that the plaintiff had the same right enjoyed by other persons in bringing suits for breaches of contracts, and could bring his suit for the breach of the contract of insurance at any time within six years after the right of action accrued.

3. The proviso to the same section shows very satisfactorily, as we conceive, that the above view of the subject is the correct one;—— "Provided, however, that the judgment last mentioned shall in no wise affect the claim of said suffering party to the *amount of loss or damage, as determined* by the directors aforesaid."

II. But, providing we are altogether wrong in our construction of this section, and that the construction contended for by the defendants is correct, we contend that the particular provisions of that section, as construed by the defendants, have been virtually superseded and repealed by the act of Nov. 18, 1839.* By the latter act the defendants did not become liable to pay the plaintiff his loss till the first of December, 1841, the directors having made their "*determination*" in the matter the 6th of January, 1841, according to the view of the defendants. No suit could therefore be sustained against the defendants, for the loss, until after two terms of the Court both in Washington and Windsor Counties had intervened.

But will it be said that the plaintiff was entitled to an *order* on the *Treasurer* for the amount of his loss before the next session of the court in either of said counties, and, being refused such order, he might have brought his suit for such refusal? Providing he could have sustained a suit at all, (which we regard as by no means clear until after the money had become due and payable,) he

---

*By which it is enacted, "That all losses, which shall happen on policies issued by said company after the first day of January, A. D. 1840, and which shall be ascertained and adjusted on or before the first Wednesday in August, in any year thereafter, shall be paid by said company on the first day of December then next following; and all losses which shall be ascertained and adjusted between the said first Wednesday in August and the first day of December, in any year, shall be paid by said company on the first day of November next following the said first day of December. And the insured shall be entitled to an order for the amount of such loss, drawn by the secretary, and accepted by the treasurer of said company, at the end of three months from the time of notice of said loss to said company, which order shall be on interest."

could, at most, have recovered but nominal damages. He must, therefore, have brought a second suit for the recovery of the amount of the loss, after the same had become due. It must be an extraordinary exposition of those statutes, which could require the prosecution of an *unnecessary,* if not an *absolutely groundless* and *unsustainable* suit, merely to save the right of action for the main matter in controversy.

*L. B. Peck* for defendants.

1. By the section of the act of incorporation, recited in the plea, it is apparent that the plaintiff comes too late with his action. His claim was rejected by the Company on the 6th day of January, 1841, of which he was notified on the 9th of the same month. The court at that time sat in Washington County on the second Tuesday of April, and in Windsor County the last Tuesday of May, and to one of those Terms the action should have been commenced, as it was more than sixty days from the 9th of January to either of those terms. The *determination,* mentioned in the 7th section, is the allowance or rejection of the claim for damages. The time within which losses are to be paid does not affect the question. The plaintiff did not resort to his action until May, 1842, and he must abide the consequences of his own neglect.

2. The declaration is bad in substance.

The opinion of the court was delivered by

BENNETT, J. The seventh section of the act to incorporate the Vermont Mutual Fire Insurance Company provides, that, in case of any loss or damage upon property insured, the person, whose property was insured, shall give notice of the loss, or damage, in writing, within thirty days from the time when it occurred; and the statute then empowers the directors, upon a view of the same, or in such other way as they may deem proper, to ascertain and determine the amount of the loss, or damage; and if the party insured is not satisfied with the determination of the directors, the question may be submitted to referees, or he may bring his action within a given time, specified in the act, and not afterwards.

No question can be made, but what this action is barred, provided the case itself is one within this section of the statute. It is

said, in argument, that, as the directors entirely rejected and disallowed the plaintiff's claim, and refused to pay him any thing for his supposed damages, the case is not within the provisions of this special act, but should be governed by the general statute of limitation. In the construction of a statute we must always have regard to the intention of the makers of it; and this intention, many times, is to be collected from the occasion, or necessity, of making the statute, or some particular provisions in it. When the intention is once discovered, it should, with reason, be followed, in giving effect to the statute, even though such construction seem somewhat opposed to the letter of the statute. The reasons, why all claims for loss or damage against the Mutual Insurance Company should be adjusted as speedily as is consistent, are quite obvious. All the individuals, who become interested in the company by insuring therein, become members thereof during the terms of their respective policies, but no longer. It is impossible for the directors to settle and determine the several sums to be paid by the several members of the Company, as their respective proportions of the losses, until they have been liquidated in some one of the ways pointed out in the seventh section of the act. Every reason, which would require a final adjustment, as speedily as possible, of any claim for loss, or damage, would apply with equal force, whether the claim was entirely rejected by the directors, or only in part; and though the statute speaks of the directors, ascertaining the amount of the loss, or damage, and the dissatisfaction of the suffering party with their determination, yet it is no forced construction of language to apply the provisions of the act to cases, where the directors reject the *entire* claim, whether for one cause, or another. To hold that this should make a difference in the time allowed for bringing the action would be absurd in its consequences, and an irrational construction of the statute.

It is claimed by the plaintiff's counsel, that the seventh section of the act of incorporation, at least so far as the bar is concerned, is superseded and virtually repealed by the act of November 18, 1839. But we think not. That statute only provides in regard to the time when the Company shall pay for losses, which have been ascertained and adjusted. If, on policies issued after the first of January, 1840, the losses shall be *ascertained and adjusted* on or before the first

Wednesday in August, in any year thereafter, the losses shall be paid on the first day of December following, and if *ascertained* and *adjusted* between the first Wednesday of August and the first day of December, in any year, then such losses shall be paid on the first day of November next following. It is difficult to see how this statute is opposed to the seventh section of the original act of incorporation, relative to the time when claims shall be barred.

As we think the plea in bar is sufficient for a good declaration, there is no occasion to examine the objections raised in argument to the present declaration.

The judgment of the county court is affirmed.