## CHARLES H. CROSS *v.* JANE G. FROST.

*Construction of deed.    General words restricted by special.*

1.  Where words of particular designation are followed by those of general import, the latter include only things similar in character to those specially named.

2.  Where a deed provided that the grantor should not put upon the premises "any buildings, timbers, trees, or other nuisances", the words "other nuisances" will not include excavations unless it appears from the whole instrument that such was the intention.

3.  *Held*, that no such intention could be inferred from the deed and circumstances in this case.

Bill in chancery to compel the defendant to restore certain land to its former grade. Heard at the March term, 1891, Washington county, upon the pleadings and a master's report. Munson, Chancellor, dismissed the bill *pro forma.* The orator appeals.

In August, 1887, one Brooks was the owner of a dwelling house on East State street in the village of Montpelier. The orator owned a tenement house next to it upon the same street and one Guernsey owned and occupied a dwelling behind it and back from the street. The ell of the Brooks house was so situated along the street that it obstructed the view from the orator's tenement, and completely cut off that from the Guernsey house. Access to the Guernsey house from the street was had through a passage way about ten feet wide between the ell and the orator's tenement. This being the condition of things, on Aug. 4, 1887, Brooks conveyed to Guernsey the said ell part of his house, not the land, by warranty deed, which contained the following description and conditions:

"All the buildings standing on East State street in the village of Montpelier on land owned by said Ruth E. Brooks,

·comencing at the south-west corner of the land now owned by ·C. H. Cross on said street, thence westerly on the north side of said street about 28 feet or so as to run through said house following the partition just east of the door fronting south, thence through said house on a line with said partition to the north side of said house, thence easterly about 29 or 30 feet to the north-west corner of said Cross' land, thence on said Cross' line to the place of beginning; and said E. V. Guernsey is to remove said building and to finish up the end of the outside where the building is cut in two by boarding and clap-boarding the same in a proper manner, and lay a wall under the end of said building; she may use the stone under the said building for the same; fill the cellar and put on loam and manure to the satisfaction of said Brooks; the said Brooks is to clear the premises ready for removal in a reasonable time, and in consideration aforesaid they agree never to put or place any buildings, timber, trees, or other nuisances on said land, and the same is always to remain open with nothing on the same to obstruct the view from the house of the said Guernsey or Charles H. Cross, who is interested in said trade. And said Guernsey and Cross are to have the privilege of putting on said land a side-walk three feet wide across said land next to said Cross line and using and repairing the same at all times. Said Guernsey is to put into the end of the house where she finishes it off three of the windows, two in the first story and one in the second story."

On the same day Guernsey conveyed to the orator by deed the right to use the side-walk referred to ; on June 11, 1889, conveyed to him his house, and Sept. 25, 1889, the administrator of Brooks conveyed to the defendant the Brooks house.

After the making of the deed of Aug. 4, the ell was taken away and the land graded to the satisfaction of Mrs. Brooks. It remained in this condition until shortly before the bringing of this suit when the defendant, who had then become the owner of the Brooks premises, made an excavation about three feet deep extending near the street side-walk and also the side-walk from the street to the Guernsey house.

In answer to the orator's request for a finding that this was a nuisance, the master found :

"The master inspected the premises and reports that it is

desirable to the owners of the orator's property, both that originally owned by him and that purchased of Miss Guernsey, that this land should be restored to its former grade; that the excavation is a detriment to the property of the orator, in that it is unpleasant to have this excavation near to both the orator's houses and to the walks; that any person owning or residing in either of orator's houses would very much prefer to have that ground as left by the orator, Miss Guernsey and Brooks, rather then as left by defendant after making the excavation. To have that land fall away to the depth that it now does from the walks is objectionable, but does not destroy the walks or prevent their use, or does not, as claimed by the orator, render their use dangerous. To have water stand upon the ground there is unpleasant to the owners or occupants of those two houses. The digging of this excavation makes an unpleasant outlook from orator's two tenements. In consequence of this excavation the orator was compelled to make some repairs upon this cross-walk to keep it in place, the land having caved away from it a little."

*John H. Senter*, for the orator.

Deeds are to be construed according to the evident intent of the parties, and most strongly against the grantor. *Flagg* v. *Eames*, 40 Vt. 22; *Collins* v. *Lavelle*, 44 Vt. 230; *Colby* v. *Colby*, 28 Vt. 10; *State* v. *Trask*, 6 Vt. 355; Dev. Deeds, ss. 836, 837, 839, 842, 843, 851, 882; *Hancock* v. *Watson*, 18 Cal. 137 Dev. Deeds, s. 848 Wash. Ease., 46; *Thurston* v. *Mink*, 32 Md. 487.

This excavation was a nuisance. Wood Nuis. s. 1.

2. Burr. Dict., 33.

*J. A. & John G. Wing*, for the defendant.

There was no nuisance. 6 Law: Rights Rem. & Pr. ss 2959, 2961; *Curtis* v. *Winslow*, 38 Vt. 690.

The opinion of the court was delivered by

MUNSON, J.   The orator seeks by this bill to have the grade of the lot therein described restored to the condition it was in before certain excavations were made by the defendant. His claim stands upon the construction of a deed by which the owner of the lot placed himself under certain restrictions as to

its use. The clause principally relied upon is one which pro-vides that the grantor shall not put "any buildings, timbers, trees, or other nuisances on said land."

It is a general rule that when words of particular designation are followed by an expression of general import, the latter can be held to include only things similar in character to those specially named. *Brainerd* v. *Peck*, 34 Vt. 496 ; *Parks' Admr.* v. *American Home Missionery Soc.*, 62 Vt. 19; *Re Barre Water Co.*, 62 Vt. 27. If this rule governs the construction of the clause quoted, the phrase "other nuisances" cannot be made to include a lowering of the surface; for the things named are only such as are placed upon and raised above the surface. We think the scope of the phrase must be restricted in accordance with this rule, unless its use in a more comprehensive sense is apparent from the instrument as a whole.

But when all the provisions of the deed are taken together, and considered in the light of the circumstances which surrounded the transaction, we see nothing that indicates an intention to guard against a lowering of the surface. The purchase was made to secure the removal of a part of a building which entirely obstructed the street view of the Guernsey house, and impaired that of the Cross house. The clause above quoted is followed by a provision that the land shall always remain open, with nothing upon it to obstruct the view. We think the purpose of the first clause was in line with that directly expressed in the second, and that an unobstructed surface was the thing intended to be secured.

This view is further supported by the provision made for determining the original grade. The place was to be filled to the satisfaction of the owner of the land. If Mrs. Brooks had then insisted upon the grade now established, the orator would have been without remedy. In view of the orator's having accepted stipulations which left the original grade to be determined by the other party, he cannot now well claim that it was the purpose of the deed to secure the permanent preservation of the most

Charles H. Cross *v.* Jane G. Frost.

desirable grade. We think the grading reported by the master is not an injury which the deed entitles the orator to complain of.

*Decree affirmed and cause remanded.*

Taft, J., did not sit, being absent.