HERBERT W. LORENZ ET UX. *v.* M. E. CAMPBELL ET AL., SELECTMEN OF POWNAL.

Special Term at Rutland, November, 1938.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 3, 1939.

*Victor A. Agostini* and *Neil D. Clawson* for the petitionees.

*Edward H. Holden* for the petitioners.

STURTEVANT, J. In January, 1938, a fifth and more than fifty of the freeholders of the town of Pownal, Vermont, submitted to the selectmen of said Pownal a petition. This petition sets forth that the persons whose names are appended thereto "* * * * desire to have a public park laid out in said Town for public purposes, and for the public good and convenience or necessity of individuals, or of the public, and for the use of the public; we therefore, request the Selectmen of the Town of Pownal, pursuant to Section 3562 of Chapter 146 and Chapter 202 of the Public Laws of the State of Vermont, to lay out a public park in said town of Pownal, consisting of "Lake Potter," sometimes called "Barber's Lake" or "Perch Pond," being situated on the easterly side of said Town of Pownal, with such land along the brook flowing into said pond, being the inlet thereof, and such land on the northerly and easterly sides of said pond as may be necessary for the purposes of said public park."

Section 3562 of the Public Laws, by authority of which the petitioners seek to have lands set out for the purposes of a park, is as follows: "LAYING OUT PARKS. Sec. 3562. *Application; procedure.* A fifth or fifty or more of the freeholders of a town, desiring to have a public park or a public square laid in such town for the erection of a soldiers' monument or for other public purpose, may apply by petition in writing to the selectmen of the town requesting them to lay out such park or square." This section also contains provisions as to procedure, etc.

The selectmen of said town of Pownal, claiming to act by authority of said statute, proceeded to set out all of that body of water located in said town of Pownal known as "Lake Potter," and containing an area of more than twenty acres, also

about ten acres of land adjacent to said lake, said thirty acres so set out to be used as a public park.

The plaintiffs, Herbert W. Lorenz and Gertrude H. Lorenz, brought their petition to the June term of Bennington county court, seeking to have the proceedings of said selectmen in setting out said lands for the above mentioned purposes quashed and held null and void for the reasons: (1) Lack of statutory authority to take private property for the purposes specified; (2) failure to give adequate notice of the condemnation proceedings.

The plaintiffs are owners in fee of certain real estate in said town of Pownal subject to certain mortgages as appear of record in the land records of said town of Pownal and they also have a leasehold estate in the body of water in said town of Pownal sought to be taken for the purposes of a park in the proceedings hereinbefore mentioned.

After full hearing on plaintiff's petition, the court quashed the proceedings of the selectmen in laying out said lands for park purposes and held said proceedings null and void for lack of jurisdiction, first, because there was no statutory authority authorizing said acts of said board of selectmen; second, that interested parties were not given proper notice. To this judgment the defendants excepted and the case is here for our consideration.

We first take up the question of statutory authority of the selectmen to set out said lands for the purposes of a public park.

In the case of *Farnsworth* v. *Goodhue,* 48 Vt. 209, 211, in speaking of statutes authorizing the taking of land by the power of eminent domain, this Court stated: ''But such statutes are strongly derogatory to common right and no cases can be brought within them except such as come within their terms with imperative necessity.''

The rules of common law are not to be changed by doubtful implication nor overturned except by clear and unambiguous language. *Coral Gables, Inc.* v. *Christopher,* 108 Vt. 414, 418, 189 Atl. 147, 109 A. L. R. 474; *State* v. *Shaw,* 73 Vt. 149, 171, 50 Atl. 863; *State* v. *Central Vermont Railway Company,* 81 Vt. 459, 462, 71 Atl. 193, 21 L. R. A. (N. S.) 949; *State* v. *Hildreth,* 82 Vt. 382, 384, 74 Atl. 71, 24 L. R. A. (N. S.) 551,

137 A. S. R. 1022, 18 Ann. Cas. 661; *In re Dexter*, 93 Vt. 304, 312, 107 Atl. 134.

In P. L. section 3562, the statute which we are considering, the words "for the erection of a soldiers' monument" are followed by words of a more general meaning, namely, "or for other public purpose."

It is a rule of construction that when words of a particular description are followed by words of general import the latter can be held to include only things similar in character to those specially named. *Allen* v. *Berkshire Mut. Fire Ins. Co.*, 105 Vt. 471, 477, 168 Atl. 698, 89 A. L. R. 460; *Cross* v. *Frost*, 64 Vt. 179, 182, 23 Atl. 916; *In re Barre Water Co.*, 62 Vt. 27, 30, 20 Atl. 109, 9 L. R. A. 195; *Park's Admr.* v. *American Home Missionary Society*, 62 Vt. 19, 25, 20 Atl. 107; *Brainerd* v. *Peck*, 34 Vt. 496, 499.

This Court has applied the above stated rule in many cases and we note a few of them. In *Peaslee* v. *Fletcher's Estate*, 60 Vt. 188, 14 Atl. 1, 6 A. S. R. 103, the following provision in a will was considered, namely: "I give to my uncle, George L. Peaslee, of Auburn, Maine, my home place on Prospect Street, in said Burlington, with my household furniture, and all my personal goods and chattels on said premises at the time of my decease." At page 197, 14 Atl. at page 3, this Court held that the words "all my personal goods and chattels," etc., were limited in scope and meaning by the preceding words "household furniture" and included only other articles of the kind and class of household furniture belonging to the house and did not include notes and cash on the premises at the time of the decease of testatrix.

In the case *In re Barre Water Co., supra*, 62 Vt. 27, 20 Atl. 109, 9 L. R. A. 195, it was necessary to construe a provision in the charter of said Barre Water Co. The company was incorporated "for the purpose of furnishing the town of Barre and the inhabitants thereof with water for the extinguishment of fires, and for domestic, sanitary, and other purposes." In construing this provision this Court held that the term "and other purposes" was limited in its scope and meaning by the words preceding, for the purpose of furnishing the town of Barre and the inhabitants thereof with water for the extinguishment of fires and

for domestic and sanitary purposes. It was held that the uses specifically named being public uses, the words "and for other purposes" must relate to uses of the same class, namely, public uses, and could not be construed to include a private use.

In *Cross* v. *Frost*, 64 Vt. 179, 23 Atl. 916, the plaintiff sought by bill in equity to have the grade of the lot described in said bill restored to the condition it was before certain excavations were made by the defendant. Plaintiff's claim stood upon the construction of a deed by which the owner of the lot·placed himself under certain restrictions as to its use. The clause principally relied upon was one which provided that the grantor shall not put "any buildings, timbers, trees, or other nuisances on said land." In this case it was held by this Court that the words "other nuisances" were limited in their meaning by the words which preceded, namely, "buildings, timbers, trees," and that therefore the words "other nuisances" did not include excavations.

In *Allen* v. *Berkshire Mut. Fire Ins. Co.*, 105 Vt. 471, 168 Atl. 698, 89 A. L. R. 460, this Court considered the construction of a policy insuring against theft, etc. This policy contained the following provision: "* * * * The policy does not insure against the wrongful conversion, embezzlement or secretion by a mortgagor, vendee, lessee or other person in lawful possession of the insured property, under a mortgage, conditional sale, lease or other contract or agreement, whether written or verbal." The question for determination was whether the words "or other contract or agreement" in the above stated provision of the policy included the wrongful taking of said automobile by a naked bailee. In disposing of this question this court held at page 477, 168 Atl. at page 700: "Under contracts of mortgage, conditional sale or lease, the mortgagee, vendee or lessee has obtained a certain interest in, or title to, the property itself. A naked bailee has no such interest or title and the contract of bailment is not at all of the same nature or character as the contracts specifically mentioned."

The defendants have cited but one case in support of their contention, namely, *Willard* v. *Pike*, 59 Vt. 202, 9 Atl. 907. This case deals with the construction of a statute, R. L. 270, which provides that "the following property shall be exempt from taxation, * * * * lands owned or leased by colleges, academies or

other public schools.'' In construing this statute this Court held: ''The word 'public' in this statute, we hold, is not to be construed in the latter sense, but in the sense in which academies are regarded as public institutions. It is not restrictive of what precedes, but is explained thereby; that is, public in the sense in which colleges and academies are public.'' This holding accords with plaintiffs' contention.

Applying the above quoted rule of construction to the case before us, the term ''for other public purposes'' refers to a purpore *ejusdem generis* with the purpose specifically mentioned and includes only a plot of land suitable in size and other respects for the erection of a soldiers' monument or a like or similar purpose.

From the foregoing it follows that P. L. section 3562 furnishes no authority to the selectmen of the town of Pownal to take by the right of eminent domain Lake Potter, a body of water of more than twenty acres, and about ten acres of land adjacent to said lake for the general purposes of a park. Our holding as to this question makes it unnecessary to consider the question raised as to notice.

*Judgment affirmed. Let plaintiffs recover their costs in this Court.*