## Rutland Cable T.V., Inc. v. City of Rutland et als

[163 A.2d 117]

May Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed July 15, 1960

*Bloomer & Bloomer* for the petitioner.

*Richard F. Sullivan* for petitionee City of Rutland.

*Loveland & Hackel* for petitionee Knipes.

**Per Curiam.** By petition for a writ of mandamus, the Rutland Cable T. V., Inc. seeks to compel the city of Rutland, its city council and Reginald D. Knipes, a stenographic reporter engaged by the city, to comply with the provisions of No. 192 of the Acts of 1959. This enactment, now 4 V.S.A. §§737, 741, 742, relates to stenographic reporting of hearings before quasi-judicial tribunals and establishes the fees for furnishing the transcript and copies. It provides:

*Section 1.* Hearings before commissions and quasi-judicial tribunals. In hearings before a commission, department or other quasi-judicial proceedings, such tribunal shall hire stenographic reporters for the purpose of making verbatim reports of the proceedings when one of the parties so requests in writing.

*Section 2.* Section 1425 of V.S.A. 47 is hereby amended to read as follows: 1425. Transcripts; fees. Within twenty days from the time of receiving a request therefor, the stenographer or reporter of the proceedings shall furnish to any party in interest a verbatim and certified transcript of the evidence and proceedings in every trial and hearing reported by him, including hearings before a court, commission, department, judicial or quasi-judicial hearing. When only one copy is ordered by all the parties, the reporter shall receive twenty cents per folio for the same. If more than one copy is ordered, he shall receive twenty cents per folio for the first copy and ten cents per folio for each manifold copy, and in cases passing to the Supreme Court, the excepting party shall have the first copy. Whenever such transcript is ordered by any party, the reporter shall notify the other parties thereof before he makes such transcripts and give them a reasonable time to order copies thereof.

*Section 3.* The presiding officer of a state department, commission, board, or other agency shall approve the accounts of the stenographer or reporter in the proceeding above referred to and shall forward the same to the Auditor of Accounts for payment.

*Section 4.* This act shall take effect from its passage.

Approved: May 20, 1959.

The petitionees have moved to dismiss on the ground that this statute has no application to the facts alleged. The petition alleges that the hearing in question was a meeting of the City Council of Rutland, scheduled pursuant to the mandate of this Court in *Rutland Cable T. V., Inc.* v. *City of Rutland,* 121 Vt. 399, 159 A.2d 83. Prior to the hearing the petitioner notified the city attorney by letter, "under No. 192 of the Acts of 1959, we hereby request in writing a stenographic reporter for the purpose of making verbatim reports of hearings in connection with the application for permit to string cables for cable T. V., said hearings of both of the above corporations to be held Wednesday evening, March 30, 1960." It appears that the applications referred to were presented by the petitioner and the Bellows Falls Cable Corporation. The petitionee Knipes was present at the hearing, and prepared three copies of the transcript of the proceedings which he furnished to the city. One such copy was used by one of the aldermen at a subsequent hearing in the matter, April 27, 1960.

On April 20, the petitioner wrote the reporter Knipes and ordered a copy of the record made of the March 30 hearing, offering to pay the statutory fees provided in No. 192. Knipes has refused to furnish the copy requested without the consent of his employer, the city of Rutland. In his reply to the petitioner, Knipes indicated that if such consent were given, his fees would be seventy five cents a page, totaling $52.40 for the record of the hearing of March 30.

The question before us is whether No. 192 of 1959 has application to quasi-judicial proceedings before agencies of a municipal government.

The intention and true meaning of the legislature are to be ascertained from consideration of the whole and every part of the act, the subject matter and its effect and consequences. *In re Cartmell's Estate,* 120 Vt. 228, 230, 138 A.2d 588; *Parker* v. *Anderson,* 112 Vt. 371, 377, 25 A.2d 41; *First National Bank of Boston* v. *Harvey,* 111 Vt. 281, 292, 16 A.2d 184; *In re Fulham's Estate,* 96 Vt. 308, 317, 119 A. 433. And in searching for the legislative intent it is proper to refer to the effect given prior statutes bearing on the same subject matter. The statute is to be construed in the light of the old law and the occasion and necessity for the amendment. *Notte* v. *Rutland Rail-*

*road Co.,* 112 Vt. 305, 308, 23 A.2d 626; *Sorrell* v. *White,* 103 Vt. 277, 281, 153 A. 359; *Dutton* v. *Vermont Mutual Fire Insurance Company,* 17 Vt. 369, 374.

■ Section 2 of No. 193, amending 4 V.S.A. §737, followed closely in time the decision in *Vermont Electric Power Co.* v. *Anderson,* 121 Vt. 72, 147 A.2d 875, where the problem of furnishing a transcript of the record of proceedings before an administrative tribunal of the State, the Public Service Commission, and the fees to be charged was before this Court on motion to affirm prior to argument. The point was not essential to final decision and was left unanswered (see *Vermont Electric Power Co.* v. *Anderson, supra,* at 75), until settled by the specific provisions of No. 192 of 1959. It appears the purpose of the act was to bring quasi-judicial proceedings in administrative tribunals of the State into conformity with the procedure applicable to the courts of chancery, county, municipal and probate courts throughout the State.

■■ In Section 3 of the act, the words "presiding officer of a state department" are followed by words of less specific definition, namely, "commission, board, or other agency." When words of a statute bearing a specific description are followed by words of more general import, the sense of the adjective first used is applied to the words that follow. The latter words are held to include only things similar in character to those specifically defined, under the rule of *ejusdem generis. Lorenz* v. *Campbell,* 110 Vt. 200, 203, 3 A.2d 548; *In re Barre Water Company,* 62 Vt. 27, 29, 20 A. 109, 9 L.R.A. 195. The application of this established rule of construction restricts No. 192 of 1959 to agencies of state government, excluding those functioning at the local level.

This interpretation is confirmed by the provision that the accounts of the stenographer employed under the statute shall be referred to the Auditor of Accounts for payment. By the Constitution and statute this official is the fiscal officer of the State. Vt. Const. Ch. 2, §40; 32 V.S.A. §§461-464.

We cannot assign to the Legislature the intent to assume the burden of expense and supervision of powers previously delegated to the hundreds of municipal governments throughout the state. If such

was the extreme intent of the enactment, it should not have been left to implication. It should have been spelled out in clear and specific language.

██ This is not to say that the city council or any individual alderman had authority to suppress or withhold the minutes of the meeting of the council. The minutes of business transacted at public, as well as at executive sessions of legislative bodies of state or local agencies are required to be open for examination and inspection upon request. See 1 V.S.A. §§311-313.

*Petition dismissed.*