### Francis A. Quinn v. James M. Pate

[197 A.2d 795]

December Term, 1963

Present: Holden, C. J., Shangraw, Barney, Smith and Sylvester, JJ.

Opinion Filed February 4, 1964

*Roger D. Bartels* for the claimant.

*Loveland & Hackel* for the defendant.

**Smith, J.** This is an appeal from a determination of the Commissioner of Industrial Relations upon an agreed statement of facts. The claimant, Francis A. Quinn, the appellant here, was employed at a garage and filling station operated by the defendant, James W. Page, as a mechanic and attendant at a weekly wage of $22.00 per week. He was also employed as a truck driver by Rollers by Baker, Inc.; at a weekly wage of $69.00. He was injured in an accident which arose out of and in the course of his employment at the Pate Garage and Filling Station.

On May 29, 1961, the appellant executed an agreement for temporary total disability compensation providing that his wages were $22.00 per week and that he was entitled to compensation at a maximum of $18.00 per week. This agreement was approved by the Deputy Commissioner of Industrial Relations.

Under 21 V.S.A. §668 the appellant sought a review of the award made under the agreed statement of facts, by the Commissioner of Industrial Relations. Such review resulted in an order from the commissioner that the compensation rate of $18.00 per week set forth in the temporary agreement before noted, should remain unchanged.

The appellant has appealed to this Court under the provisions of 21 V.S.A. §672 for a review of questions of law certified here by the Commissioner of Industrial Relations. The only question so certified here by the commissioner is: "Is the claimant entitled to

have his wages from both employments combined in computing his average weekly earnings?"

The question presented is one of first impression in this Court. The contention of the appellant is that his weekly wages in his full time employment as truck driver, should have been combined with his part time wages as a filling station attendant by the commissioner in determining the average weekly earnings upon which his disability benefits are computed under 21 V.S.A. §642.

The Vermont Workmen's Compensation Act does not have an express provision as do a few other jurisdictions, allowing wages from dissimilar employments to be aggregated. Lacking, also, are any specific statutory provisions providing for aggregation to earnings from concurrent employers when the employments are related in nature. However, the appellant contends that by statutory construction the legislative intent evidenced in the act is to allow an aggregation of wages received in both employments in establishing his average weekly earnings under 21 V.S.A. §650.

"Average weekly wages shall be computed in such manner as is best calculated to give the average weekly earnings of the workman during the twelve weeks preceding his injury; but where, by reason of the shortness of the time during which the workman has been in the employment, or the casual nature of the employment, or the terms of the employment, it is impracticable to compute the weekly rate of remuneration, regard may be had to the average weekly earnings which, during the twelve weeks previous to the injury, were being earned by a person in the same grade employed at the same or similar work by the employer of the injured workman, or if such a person is not so employed, by a person in the grade employed in the same class of employment and in the same district."

The remainder of 21 V.S.A. §650, not being relevant to the determination of the question presented, is omitted from the above quotation.

The appellant contends that the use of the term "average weekly earnings" in the legislative act discloses a legislative intent that it is to be used in contrast to the term "average weekly wage" appearing in the same section, to allow compensation for loss of earned income, regardless of its source.

Wages are ordinarily defined as amounts of money paid daily or weekly for labor. Webster's Third International Dictionary defines earnings as "something earned as compensation for labor or the use of capital," the distinction ordinarily seeming to be that "wages" applies only to compensation in money, while "earnings" could consist of material objects or benefits other than cash.

However, the definition of wages found in the act, 21 V.S.A. §601, "includes bonuses and the market value of board, lodging, fuel and other advantages which can be estimated in money, and which the employee receives from the employer as a part of his remuneration." Under the legislative definition of "wages" we think the term, as used in the act, is synonymous with "earnings" and does not have the significance that the appellant claims that we should give it.

In order for us to interpret the act in the light of the question presented it is necessary for us to consider the whole and every part of the act, the subject matter and its effect and consequences so as to ascertain the true meaning and intent of the legislature. *Rutland Cable T.V., Inc.* v. *City of Rutland,* 122 Vt. 1, 3, 163 A.2d 117.

In the construction of the Workmen's Compensation Act we must construe the act liberally to accomplish the humane purpose for which it is passed. *Wilkins* v. *Blanchard-McDonald Lumber Co.,* 115 Vt. 89, 92, 52 A.2d 781. But our construction must also be guided by the consideration that the "purpose of the workmen's compensation law is to provide not only for the employees a remedy which is both expeditious and independent of proof of fault, but also for employers, a liability which is limited and determinative." *Morrisseau* v. *Legac,* 123 Vt. 70, 76, 181 A.2d 53. The burden placed upon the employer of compensating injured employees is only to the extent provided for in the act.

We are asked by the appellant, in our consideration of the question presented, to consider equities between a claimant employee and an insurance carrier of an employer. But our act allows the employer to furnish such security himself in various ways. 21 V.S.A. §687. Our concern must be limited, therefore, to a consideration of

the act only as between employee and employer, for a consideration of equities between insurance carrier and employee might involve factors that would have no application on a purely employer-employee relationship as allowed by the act.

Having noted before that there are no specific provisions in the act allowing wages from different employments to be aggregated in the computation of a claimant's weekly wage, we now must read the act to see if legislative intent to allow such aggregation of wages appears by implication in its wording. Our presumption must be that the ordinary meaning of the language used has been intended, unless it would manifestly defeat the object of the provisions. *Joy* v. *Swanton Savings Bank and Trust Co.*, 111 Vt. 106, 10 A.2d 216.

Even a casual reading of the act leads to the impression that the legislature intended to make the benefits and liabilities of the act operative between an employee and the single employer in whose employment the employee received his injury. The act, in its references to employers, almost invariably uses the terms "the employer" or "an employer."

In 21 V.S.A. §601(4) we find the definition that " 'Employment' in the case of private employers, includes employment only in a trade or occupation which is carried on by the employer for the sake of pecuniary gain."

The section of the act that provided for compensation for personal injury, 21 V.S.A. §618, is in these words:

"If a workman receives a personal injury by accident arising out of and in the course of his employment by an employer subject to this chapter, his employer or the insurance carrier shall pay compensation in the amounts and to the person hereinunder specified. The compensation of a person who is insane shall be paid to his guardian."

The impression established by the casual reading of the act now is given a preciseness in establishing the legislative intent by the above section.

The section first does not grant the payment of compensation to a workman unless the injury for which he seeks recompense arose because of an accident "out of and in the course of his

employment." It is then that "his employer" shall pay him compensation. By the use of the words "his employer" the legislative designation is of that employer in whose service the injury was received. Just as the employee cannot receive compensation for an injury outside of his employment, so too there is no statutory duty upon an employer to provide compensation to an employee who may have received injuries, but outside of the occupation in which the injured employee is engaged for the employer. The legislative intent is that the contract between employer and employee, under the act, relative to compensation for injuries, is one that is personal between the two contracting parties.

Wages, under 21 V.S.A. §601(13), whether they be in services, materials or money or a combination of them, are those which "the employee received from the employer."

As we have just seen the only employer from whom the employee is entitled to receive compensation is that one in whose employment he received his injuries. It would take a strained and distorted construction of the act to hold that the intention of the legislature was anything but to base the benefits to a claimant on wages received in the employment of injury.

This intention of the legislature is further evidenced, we believe, in that they in one provision of the act considered the computation of a weekly wage in the case of a man engaged in two occupations, one of which is that of a volunteer fireman. In the event that such volunteer fireman becomes injured while engaged in his fire fighting duties, 21 V.S.A. §650 provides that his compensation shall be computed on the basis of his average weekly wage received in his regular employment.

Our answer to the question submitted to us by the commissioner is that the claimant is not entitled to have his wages from both employments combined in computing his average weekly earnings.

We are aware that in other jurisdictions courts have permitted the aggregation of two employments in computing an average weekly wage of an injured employee on the ground that such employments are similar in character or nature. Both parties have seen fit to brief this question for our consideration.

The findings of the commissioner are binding upon this Court if sufficiently established by the evidence, and the burden is

on the claimant to establish the facts essential to the rights asserted. *Goodwin* v. *Fairbanks, Morse and Co.*, 123 Vt. 161, 166, 184 A.2d 220. The findings of the commissioner before us, based upon an agreed statement of facts, has no finding on whether or not the two employments of this claimant were similar in character or nature. The questions involved in employments of similar character or nature are not before us and we give them no consideration.

This Court is not so unaware of the problems of a wage-earner it does not recognize that in these times, possibly from necessity, many workers are engaged in more than one employment in the same work week. A worker injured in one such employment, which injury prevents him from working in his other employment as well, may suffer financial hardship by reason of the fact that the compensation he can receive must be based only upon his wages from the employment in which he received the injury.

But Courts are limited to the interpretation of statutes to effect the purpose expressed by the legislature which enacted them. If a statute seems unfair or unjust the remedy must be sought in a legislative change or modification. It cannot be furnished by judicial action in the guise of interpretation. *State* v. *Mahoney*, 122 Vt. 456, 462, 176 A.2d 747.

The entry is *"Order Affirmed. Let the result be certified."*