## International Collection Service v. Vermont Property & Casualty Insurance Guaranty Association

[555 A.2d 978]

No. 86-388

Present: Allen, C.J., Peck, Dooley and Mahady, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed December 30, 1988

Motion for Reargument Denied as Untimely Filed June 19, 1989

*Charles F. Storrow* of *Paul, Frank & Collins, Inc.*, Burlington, for Plaintiff-Appellant.

*McKee, Giuliani & Cleveland*, Montpelier, for Defendant-Appellee.

**Allen, C.J.** This is an appeal from the grant of the defendant's motion for summary judgment in a declaratory judgment action in which the plaintiff seeks a declaration that its claim for an uninsured fire loss is a "covered claim" within the meaning of 8 V.S.A. § 3612(4) and that the defendant is obligated to pay the plaintiff the sum of $23,037.74 with interest at the rate of 12% per annum from November 20, 1983. The parties filed cross motions for summary judgment, and plaintiff's motion was denied.

We reverse in part and remand for further proceedings in the trial court.

The defendant association is a statutorily created unincorporated nonprofit entity which exists primarily to avoid financial loss to claimants and policyholders because of the insolvency of an insurer. It is deemed the insurer on covered claims and has all of the rights, duties and obligations of the insolvent insurer. 8 V.S.A. § 3615(a)(2). Its obligation to a policyholder or claimant is limited to the obligation of the insolvent insurer under the policy from which the claim arises. 8 V.S.A. § 3612(4)(B).

A barn owned by the plaintiff was destroyed by fire under circumstances claimed by the plaintiff to have rendered the insureds of the Ambassador Insurance Company as well as other third parties liable. The policy issued by Ambassador provided liability coverage in the amount of $50,000. The plaintiff made claim against and received $113,600 from its own insurer under a fire insurance policy. A subrogation action was then instituted by the fire carrier against the insureds and the third parties seeking to recover the subrogated loss of $113,600 and the uninsured loss which the plaintiff and the subrogated carrier agreed was $23,037.74. Because of Ambassador's insolvency, the defense of the insureds was undertaken by the defendant. The parties agreed that the fire carrier was subrogated to the rights of the plaintiff to the extent of its $113,600 payment.

Shortly before hearing, the plaintiff submitted affidavits from the fire insurer stating that the action against the third parties had been settled for $100,000, that the insurer would receive $77,173.91 from the settlement and that the plaintiff would receive $22,826.09 therefrom, and that the payment to the insurer was in full satisfaction of its subrogation rights. The plaintiff, defendant and the fire carrier subsequently entered into a settlement agreement under the terms of which the plaintiff and its insurer agreed to dismiss the action against Ambassador's insureds, and covenanted not to bring any further action against them on account of the fire loss. In return the defendant agreed it would pay to the plaintiff $23,037.74 should it be determined in this action that the defendant was obligated to pay.

The trial court concluded that the defendant was not obligated to pay for three reasons: first, that since "virtually all of the $50,000 under the stipulated facts" would go to the fire insurer under the subrogation clause in its policy, the claim was not a

"covered claim" within the meaning of the definition which excludes any amount due an insurer;[1] second, that because the affidavits indicated that the plaintiff was to receive an amount in excess of its stipulated loss from a $100,000 settlement with the third parties the claim was moot as this amount exceeded the uninsured loss; and third, that the $113,600 received by the plaintiff from its fire insurer reduced the amount payable by the defendant to zero under the provisions of 8 V.S.A. § 3619(a).[2]

■ Plaintiff argues that since the affidavits established that the fire carrier was no longer subrogated to any recovery by it, that the trial court erred in holding that the claim was not a "covered claim." While we agree that the court erred in concluding that the claim was not a "covered claim" because it would have included a sum due an insurer, we do not agree that the stipulated remaining uninsured loss in the amount of $23,037.74 is a "covered claim." A "covered claim" is an unpaid claim. The stipulated facts and the affidavits established that after deducting amounts received from the fire carrier and the third parties, plaintiff's total unpaid loss is $211.65.

Plaintiff further argues that because the defendant agreed to pay it the sum of $23,037.74 if plaintiff prevailed in the declaratory judgment action, the defendant may not deduct the amount it recovered from the third parties from the amount it agreed to pay. In effect, the plaintiff seeks to make use of the affidavits to avoid having its claim barred by 8 V.S.A. § 3612(4)(E) and have them ignored for the purpose of determining the amount of the

---

[1]  8 V.S.A. § 3612(4)(E) states:
>  (4) "Covered claim" means an unpaid claim, including a claim for unearned premiums;
>    (E) *which does not include any amount due any reinsurer, insurer,* insurance pool or underwriting association; provided, that claims which would be covered claims but for this subdivision may be filed directly with the receiver of the insolvent insurer and shall not be asserted against an insured of the insolvent insurer.
> (Emphasis added).

[2] § 3619. Nonduplication of recovery
>  (a) Any person having a claim against an insurer under any provision in an insurance policy other than policy of an insolvent insurer which is also a covered claim, shall be required to exhaust first his right under such policy. *Any amount payable on a covered claim under this subchapter shall be reduced by the amount of any recovery under such insurance policy.*
> (Emphasis added).

unpaid claim. This would result in a duplication of recovery which the act seeks to avoid and cannot be countenanced.

The court's determination that the matter was moot resulted from a misreading of one of the affidavits relative to the amount received by the plaintiff. Defendant agrees there is an unpaid claim for the $211.65.

■ The third claim of error is more troublesome. The defendant maintains that 8 V.S.A. § 3619(a) requires that the amount recoverable by the plaintiff from it must be reduced by the amount recovered from the fire carrier, thereby precluding any recovery against it. It further contends that 8 V.S.A. § 3619 is clear and unambiguous and does not require construction or interpretation by this Court. We disagree. The first sentence is susceptible to the interpretation argued for by the defendant, but can be read to require exhaustion only in situations where the claim was for an unpaid claim arising under an insurance policy of an insolvent insurer. See Sands v. Pennsylvania Insurance Guaranty Association, 283 Pa. Super. 217, 423 A.2d 1224 (1980). The language is ambiguous if not contradictory. It is our task to determine the intent of the Legislature by weighing the consequences of various constructions with the general objectives of the enactment. Brattleboro Chalet Motor Lodge, Inc. v. Thomas, 129 Vt. 405, 411, 279 A.2d 580, 583 (1971).

The stated objectives of the act are to provide a mechanism for payment of covered claims, to avoid excessive delays in payment and to avoid financial loss to claimants and policyholders because of the insolvency of an insurer. 1969, No. 279 (Adj. Sess.), § 1. The Legislature further mandated that the act shall be liberally construed to effect its purposes. 1969, No. 279 (Adj. Sess.), § 3.

■ Under the statutory scheme, the intention of the Legislature is not necessarily to make a claimant whole, but to eliminate any loss caused by the insolvency of the insurer. The exhaustion requirement and the nonduplication of recovery provisions are intended to insure that a claimant's status is not impaired or enhanced by the insolvency. The stated intent read with the language of § 3619(a) leads to the conclusion that the act is not to be construed so as to place the claimant in any different position than it would have been had the insolvency not occured.

■ Applying this construction to the case at hand leads to the conclusion that the plaintiff is entitled to recover from the guaranty fund its unpaid loss. We concur with the observation made

in *Arizona Property & Casualty Insurance Guaranty Fund* v. *Herder*, 156 Ariz. 203, 207, 751 P.2d 519, 523 (1988) (construing an almost identical clause), that the sentence "is neither a model of clarity nor an exemplar of the draftsman's craft," and agree with its conclusion that the words "shall be reduced" require an offset of the amount recovered against the total "amount payable" to the claimant as damages. The recovery by the plaintiff from the third party and its own insurer fell short of the stipulated loss. But for the insolvency, it could have recovered this amount in the action against the Ambassador's insureds.[3] This result achieves the intent of the section to prevent a duplication of recoveries, and comports with the act's purpose to leave a claimant in the same position as if there had been no insolvency.

· *The judgment is reversed and the matter remanded for an entry of judgment for the plaintiff in the amount of $211.65, together with such interest as the trial court shall calculate is due.*

---

[3] The defendant waived any defense to the claims asserted by the plaintiff against Ambassador's insureds.