**Ronald A. KING v. William LOWELL d/b/a C & L Plumbing and Heating v. Kuzins Construction Company, Inc.**

[648 A.2d 822]

No. 92-351

April 29, 1993. Kuzins Construction Company, Inc., a general contractor, appeals a decision of the Commissioner of the Department of Labor and Industry directing it to pay workers' compensation to claimant Ronald King. King was injured during the course of his employment with C & L Plumbing and Heating, a sole proprietorship. C & L was a subcontractor on a residential construction project on which Kuzins was the general contractor. Because the Commissioner correctly determined that both employers are liable for the payment of benefits and because it is not for this Court to determine how those payments will be allocated between the two employers, *Morrisseau v. Legac*, 123 Vt. 70, 78, 181 A.2d 53, 59 (1962) (all statutory employers are liable and Commissioner not authorized to decide the ultimate liability between them), we affirm.

Claimant was injured at work in February 1986. At that time his employer, C & L, believed that it was covered by workers' compensation insurance procured by its insurance agent. Upon inquiry, C & L discovered that the agent had failed to procure workers' compensation insurance and there was no coverage. C & L has brought an action in superior court against the agent and insurer on the issue of coverage. Nonetheless, C & L agreed to make payments to King, and continued to make those payments through two of King's three periods of disability. As to the

third period of temporary disability, however, C & L alleged inability to pay and refused to provide payments.

C & L thereafter asserted before the Commissioner that Kuzins was liable for future payments, as well as reimbursement of all past payments made. Although Kuzins carried workers' compensation insurance at the time of claimant's injury, the company with which it was insured became insolvent, and claims against it are now being administered by the Vermont Property and Casualty Insurance Guaranty Association (Guaranty Fund). Kuzins has since filed for bankruptcy.

The Commissioner determined that Kuzins was a statutory employer within the meaning of 21 V.S.A. § 601(3) and that both Kuzins and C & L were liable for payment of benefits to claimant. The Commissioner denied C & L's claim for reimbursement but ordered that Kuzins make future payments to the injured party because of C & L's apparent inability to continue payment.

Kuzins now argues that the Commissioner erred in directing it to pay benefits to the injured party and in absolving C & L of responsibility to pay. Nowhere in the Commissioner's decision, however, is C & L relieved of responsibility. The Commissioner held, and Kuzins has conceded, that *both* parties are liable. Moreover, recovery from the general contractor is available where the immediate employer "fail[s] to provide adequate protection," or if the general's contract with the subcontractor is a "scheme to evade liability under the Act." *Ryan v. New Bedford Cordage Co.*, 421 F. Supp. 794, 799 (D. Vt. 1976). This is consistent with the policies of providing a remedy to the injured party and a determinate limit on an employer's liability. *Quinn v. Pate*, 124 Vt. 121, 124, 197 A.2d 795, 797 (1964).

What Kuzins is really seeking in this case is a determination that if it makes payments to complainant, it is entitled to reimbursement should C & L become able to pay. The determination of allocation of payments, if any, must be resolved between the subcontractor and general contractor in a superior court. *Morrisseau*, 123 Vt. at 78, 181 A.2d at 59.

Kuzins further argues that due to C & L's pending action in superior court, the Guaranty Fund, as a fund of last resort, should not be responsible for payment because it is inconclusive that C & L is unable to pay. We find no requirement that the injured worker must pursue his own action in superior court to determine whether C & L was indeed insured. Section 3619(a) of Title 8 should not "be construed so as to place the claimant in any different position than it would have been had the insolvency not occurred," nor should an insurer's insolvency cause excessive delay and financial loss to the injured party. *International Collection Serv. v. Vermont Prop. & Cas. Ins. Guaranty Ass'n*, 150 Vt. 630, 633, 555 A.2d 978, 980 (1988) (intent is to "eliminate any loss caused by the insolvency of the insurer"). If payments must eventually be allocated differently, that issue must likewise be determined in superior court.

*Affirmed.*